Filed 4/9/25  P. v. Pancoast CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>THOMAS JON PANCOAST,<br><br>    Defendant and Appellant. | A169766<br><br>(Contra Costa County Super. Ct. No. 01001852466) |

Thomas Jon Pancoast appeals from a postconviction order imposing $50,000 in noneconomic damages under Penal Code section 1202.4, subdivision (f)(3)(F).[1]  He contends the trial court failed to provide a rational basis for its award because it did not state its method for calculating such damages.  We disagree and affirm the order.

### BACKGROUND

The Contra Costa County District Attorney filed an amended felony complaint charging Pancoast with multiple counts of committing a lewd act upon a child under 14 years of age (§ 288, subd. (a); counts 1–3, 11–14, 16–18, 20, & 22), rape by use of drugs (§ 261, subd. (a)(3); counts 4 & 6), sexual penetration by foreign object (§ 289, subd. (e); counts 5 & 7), committing a lewd act upon a child (§ 288, subd. (c)(1); counts 8–10, & 19), committing a

_____

[1] All undesignated statutory references are to the Penal Code.

forcible lewd act upon a child under 14 years of age (§ 288, subd. (b)(1); counts 15, 25–26), oral copulation or sexual penetration of a child under ten years of age (§ 288.7, subd. (b); count 21), and aggravated sexual assault of a child (§ 269, subd. (a)(1); counts 23–24). It was further alleged Pancoast committed the charged offenses in counts 1–3, 11–20, 22, and 25–26 against multiple victims.

Defendant pled guilty to counts 1, 9, 11, 14, 16, 21, and 23. The court subsequently sentenced Pancoast to a prison term of 25 years to life on counts 1, 11, 14, and 16, a prison term of 15 years to life on counts 21 and 23, and a two-year term on count 9. The issue of restitution was reserved for a subsequent hearing.

Although Jane Doe[2] initially sought economic damages for medical bills, that request was withdrawn. Instead, Jane Doe's parents requested an award of $250,000 in noneconomic damages. Following discovery, briefing, and a hearing, the court concluded the record supported an award of noneconomic damages and set the amount at $50,000, with statutory interest accruing from the date of sentencing. Pancoast timely appealed.

## DISCUSSION

On appeal, Pancoast contends the trial court failed to identify the basis for the $50,000 noneconomic damages award or how it reached that amount. Pancoast asserts the court's failure to make such findings constitutes an abuse of discretion and requires remand for a new hearing.

---

[2] Jane Doe was one of multiple victims. However, we do not discuss the other victims because this appeal only challenges her award of noneconomic damages.

2

## I. Standard of Review

" 'A restitution order is reviewed for abuse of discretion and will not be reversed unless it is arbitrary or capricious. [Citation.] No abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered.' " (*People v. Lehman* (2016) 247 Cal.App.4th 795, 801 (*Lehman*).) "The court 'must demonstrate a rational basis for its award and ensure that the record is sufficient to permit meaningful review. The burden is on the party seeking restitution to provide an adequate factual basis for the claim.' " (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1182 (*Valenti*).)

"Section 1202.4 does not provide guidelines for evaluating a child victim's noneconomic damages for sexual abuse. Unlike economic damages, which encompass 'objectively verifiable monetary losses' (Civ. Code, § 1431.2, subd. (b)(1)), noneconomic damages compensate the victim for 'subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, [and] emotional distress . . . .' (Civ. Code, § 1431.2, subd. (b)(2).)" (*Valenti, supra*, 243 Cal.App.4th at p. 1182; *People v. Gomez* (2023) 97 Cal.App.5th 111, 115 (*Gomez*).) The party seeking restitution has the burden of proof by a preponderance of the evidence, but "the evidentiary bar is a low one." (*Gomez*, at p. 119.) "[S]ection 1202.4 does not require any particular kind of proof to establish a victim's losses," and a victim need not "present testimony or a statement about the impact, something prosecutors and trial courts may be reluctant to require, particularly when the victim is still a minor." (*Gomez*, at pp. 119–120; *Lehman, supra*, 247 Cal.App.4th at p. 803.)

Nonetheless, "some evidence of the harm incurred by the *particular victim* of the crime is required to support a victim restitution award . . . . [I]t

is insufficient that the *average victim* would suffer injury from a particular type of crime, or that *generally* victims of such crimes suffer injury." (*Gomez*, *supra*, 97 Cal.App.5th at p. 118.)

Pancoast claims this matter is "virtually indistinguishable" from *Valenti* because both cases contained no evidence of lasting harm to the victims. He is wrong. In *Valenti*, the appellate court reversed the noneconomic restitution award of $50,000 for each of three child victims because the only information about the victims came through their parents, who reported the children were doing " 'fine' " or " 'excellent' " or " 'did not sustain actual child abuse.' " (*Valenti*, *supra*, 243 Cal.App.4th at pp. 1182–1183.) There was no evidence the children were experiencing emotional distress, struggling in school or life, considering or engaging in self-harm, or receiving counseling; thus, the court found no rational basis for the award. (*Id*. at pp. 1183–1184; accord *Gomez*, *supra*, 97 Cal.App.5th at p. 118 [prosecutor's statement "that appellant 'was a setback' for [the minor]" and contained "no elaboration or even connection to the underlying crimes" was insufficient to support a noneconomic damages award.].)

In stark contrast, Jane Doe and her mother provided testimony at the sentencing hearing about the psychological harm Jane Doe suffered due to Pancoast's conduct. Jane Doe discussed locking "all of [her] doors," placing "as many things in front of that door as possible" when her grandparents removed the locks to be able to get to her if she was in danger, having trouble sleeping and "sitting at the edge of [her] bed, waiting for the sun to come up," being unable to trust people, and being unable to "handle a lot of things." She also demonstrated ongoing self-loathing, repeatedly stating to the court that she was "stupid" and describing herself as "ruined." Jane Doe also expressed her belief that she would be dealing with the trauma "for the rest

[of her] life." Jane Doe's mother provided a statement about the impact on Jane Doe, explaining how they lived in a tight-knit, loving community, and Pancoast's actions "stripped away" Jane Doe's innocence and trust.

Contrary to Pancoast arguments, the court also specifically explained the evidentiary basis for its noneconomic damages award. The court first noted that Jane Doe's and her mother's statements at the sentencing hearing regarding the direct impact of the abuse on Jane Doe provided "ample evidence" for an award. The court specifically identified Jane Doe's testimony that she "feels ruined" and her trust and sense of security is damaged. The court also referenced the context surrounding Jane Doe's abuse, which it concluded caused the impact on her to be "magnified": Jane Doe's abuse occurred as part of Pancoast's abuse "of multiple children" in a "very small close-knit community," "many of whom were friends." Based on this evidence regarding the direct impact of Pancoast's conduct on Jane Doe, the court concluded noneconomic damages for psychological harm were appropriate, "as amply demonstrated by [Jane Doe's] eloquent, moving, indeed searing words from the [sentencing] hearing."

We find this case more analogous to *Lehman* than *Valenti*. In *Lehman*, *supra*, 247 Cal.App.4th at pages 802–803, the appellate court rejected the defendant's challenges to the trial court's noneconomic restitution awards because the court specifically identified the evidentiary bases for its awards to the two victims: (1) one victim described the emotional pain she suffered from the extensive abuse by her grandfather, and (2) the other victim experienced an emotional breakdown while testifying, which the court cited as evidence of the psychological harm she suffered. (*Id*. at pp. 803–805.) The appellate court explained that the trial court's reference to this evidence provided ample support for the noneconomic restitution awards. (*Ibid*.)

In short, the record contains sufficient evidence that Pancoast's actions emotionally traumatized Jane Doe and the trial court appropriately referenced the evidence on which it relied in making its award.[3]  As a result, Pancoast fails to demonstrate that the trial court abused its discretion by awarding noneconomic restitution in the amount of $50,000.

## DISPOSITION

The order imposing noneconomic restitution damages is affirmed.

---

[3] In his reply brief, Pancoast suggests noneconomic damages are only appropriate if the court also finds actual damages.  We are unaware of authority adopting such a rule and decline to do so here.  (See *Lehman*, *supra*, 247 Cal.App.4th at p. 803 [section 1202.4 "does not require any particular kind of proof to establish a victim's losses."].)

_____

PETROU, J.

WE CONCUR:

_____

TUCHER, P. J.

_____

FUJISAKI, J.

A169766/*People v. Pancoast*